UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:                                )
**Scott Joseph Gerstenberg,**        )      Case No. 14-48739-399
                                      )      Chapter 13
Debtor                                )
                                      ) Confirmation Date: August 31, 2016
                                      ) Confirmation Time: 9:00 am
                                      ) Courtroom 5 North

FIRST AMENDED CHAPTER 13 PLAN

**PAYMENTS. Debtor is to pay to the Chapter 13 Trustee the sum of the following amounts: (complete one of the following payment options)**

A total of **$ 16,089.36** through **June 2016**, then **$ 910.00** per month for **41** months beginning with the payment due in **July 2016**.

In addition, Debtor shall pay to the Trustee, and the plan base shall be increased by the following:

(1) Tax Refund. Debtor shall send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit and Additional Child Tax Credit (Line 65 of Form 1040 or Line 39 of Form 1040A), each year. (2) Employee Bonuses. Debtor shall send fifty percent of any employee bonus or other distribution paid or payable to Debtor during the term of the plan. (3) Additional Lump Sums. Debtor shall send additional lump sums(s) consisting of _____, if any, to be paid to the Trustee.

**DISBURSEMENTS. Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors. All disbursements by the Trustee to be made pro-rata by class, except per month disbursements described below. However, if there are funds available after payment of equal monthly payments in paragraph 5 and fees in paragraph 6, those funds shall be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:**

1. **Trustee and Court Fees.** Pay Trustee a percent of all disbursements as allowed by law and pay filing fees if the Court enters an order providing for filing fees to be paid in the Chapter 13 plan.

2. **Executory Contract/Lease Arrearages**. Trustee to cure pre-petition arrearage on

(L.F. 13 Rev. 9/2012)

1

any executory contract accepted in paragraphs 3(A or B) over the following period, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD |
|---|---|---|
| **Glenwood Townhomes** | **$2,475.00** | **60 months** |

3. Pay sub-paragraphs concurrently:

   (A) **Post-petition real property lease payments.** Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:

   | CREDITOR NAME | MONTHLY PAYMENT | BY DEBTOR/TRUSTEE |
   |---|---|---|
   | Glenwood Townhomes | $700.00 | Debtor |

   (B) **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:

   | CREDITOR NAME | MONTHLY PAYMENT | EST MONTHS REMAINING |
   |---|---|---|

   (C) **Continuing Debt Payments (including post-petition mortgage payments on real estate other than Debtor's residence )** Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph ___ below.

   | CREDITOR NAME | MONTHLY PAYMENT |
   |---|---|

   (D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence to be at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:

   | CREDITOR NAME | MONTHLY PAYMENT | BY DEBTOR/TRUSTEE |
   |---|---|---|

   (E) **DSO Claims in equal installments.** Pay any pre-petition domestic support obligation arrears (not provided for elsewhere in this plan) in full in equal monthly installments over the life of the plan, estimated as:

   | CREDITOR NAME | TOTAL AMOUNT DUE | INTEREST RATE |
   |---|---|---|
   | **Hilton Family Law Group (Bruce Hilton)** | **$800.00** | |

4. **Attorney Fees**. Pay Debtor's attorney **$1,996.00** in equal monthly payments over **16** months. Any additional fees allowed by the Court shall be paid pursuant to paragraph 6 below. [See procedures manual for limitations on use of this paragraph]

5. Pay sub-paragraphs concurrently:

   (A) **Pre-petition arrears on secured claims paid in paragraph 3**. Pay pre-petition arrearage on debts paid under paragraphs 3 (C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified

below, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD | INTEREST RATE |
|---|---|---|---|
| | | 48 months | 0.00% |

(B) **Secured claims to be paid in full.** The following claims shall be paid in full in equal monthly payments over the period set forth below with **4.75**% interest.

| CREDITOR | EST BALANCE DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|
| Vantage CU | $22,207.00 | 60 months | $24,993.00 |

(C) **Secured claims subject to modification.** Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with **4.75%** interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 9 (A), estimated as set forth below:

| CREDITOR | BALANCE DUE | FMV | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|---|

(D) **Co-debtor guaranteed debt paid in equal monthly installments**. The following co-debtor guaranteed claims(s) to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in equal monthly installments over the period set forth below and with interest as identified below.

| CREDITOR | EST BALANCE | TRUSTEE/CO-DEBTOR | PERIOD | INTEREST RATE |
|---|---|---|---|---|

(E) Pay any post-petition fees and costs as identified in a notice filed per Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs which the Court allows and orders the Trustee to pay. Any such amounts shall be paid in equal monthly payments over the remainder of the plan duration and shall not receive interest.

6. Pay **$2,000.00** of debtor's attorney's fees and any additional attorney fees allowed by the Court .

7. Pay sub-paragraphs concurrently:

   (A) **Unsecured Co-debtor guaranteed claims**. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below.

| CREDITOR NAME | EST TOTAL DUE | TRUSTEE/CO-DEBTOR | INTEREST RATE |
|---|---|---|---|

   (B) **Assigned DSO Claims**. Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, to be paid a fixed amount with the balance to be owed by the Debtor(s) after completion of the Plan, pursuant to § § 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid

(L.F. 13 Rev. 9/2012)

3

**directly** by Debtor(s).
CREDITOR          TOTAL DUE          TOTAL AMOUNT PAID BY TRUSTEE
                                     (100% or lesser dollar amount enumerated here)

8. **Priority Claims.** Pay the following priority claims allowed under 11U.S.C. section 507 in full, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE |
|---|---|
| **IRS** | **$7,188.00** |
| **MDOR** | **$940.00** |
| **MDOR** | **$3,072.00** |
| **St. Louis Co Coll of Rev** | **$1,030.00** |

9. Pay the following sub-paragraphs concurrently:

   (A) **General Unsecured Claims**. Pay non-priority, unsecured creditors. Estimated total owed:**$136,245.80**. Amount required to be paid to non-priority unsecured creditors as determined by 1325(a)(4) hypothetical Chapter 7 liquidation calculation: **$0.00** Amount required to be paid to non-priority unsecured creditors as determined by 1325(b) calculation: **$0.00** Debtor guarantees a minimum of **$0.00** (Dollar amount or 100%) will be paid to non-priority unsecured creditors.

   (B) **Surrender of Collateral**. Debtor proposes to surrender the following collateral to the following creditor(s) with any deficiency paid as non-priority unsecured debt:
   CREDITOR          COLLATERAL

   (C) **Rejected Executory Contracts/Leases.** Debtor rejects the following executory contract(s) with the following creditor(s). Any balance to be paid as non-priority unsecured debt.:
   CREDITOR          CONTRACT/LEASE

10. Other:
(A) Debtor failed to turnover $3,213.00 of the 2014 tax refund to the Trustee as required by the plan. Debtor is paying this tax refund amount by increasing future plan payments. The tax refund language on page one of the plan shall not apply to the 2014 tax refunds. Debtor shall pay the due portion of all future tax refunds to the Trustee in a single payment promptly after the same are received.

11. All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section 1328. However, the Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the Court enters an order granting the Debtor's request to avoid the liens.

12. Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such Claimant.

13. Title to Debtor's property to re-vest in Debtor upon confirmation. Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily.

14. Any post-petition claims filed and allowed under 11 U.S.C. section 1305 may be paid through the plan.

CREDITOR'S NOTICE: YOU MUST FILE A CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED HEREIN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM. IN COMPLIANCE WITH ORDER OF THE COURT, ABSENT A SPECIFIC ORDER OF THE COURT TO THE CONTRARY, THE CHAPTER 13 TRUSTEE, RATHER THAN THE DEBTOR, WILL MAKE ALL PRE-CONFIRMATION DISBURSEMENTS PURSUANT TO SECTION 1326(a). ALL CREDITORS ENTITLED TO PRE-CONFIRMATION DISBURSEMENTS, INCLUDING LEASE CREDITORS, MUST FILE A PROOF OF CLAIM TO BE ENTITLED TO RECEIVE SUCH PAYMENTS FROM THE CHAPTER 13 TRUSTEE. PURSUANT TO LOCAL RULE, THE PROOF OF CLAIM SHALL CONTROL THE VALUATION OF COLLATERAL AND ANY VALUATION STATED IN THE PLAN SHALL NOT BE BINDING ON THE CREDITOR. THE TRUSTEE, IN HIS SOLE DISCRETION, MAY DETERMINE TO RESERVE FUNDS FOR PAYMENT TO ANY CREDITOR SECURED BY A MORTGAGE ON REAL ESTATE PENDING FILING OF A CLAIM.

DATE: **July 18, 2016**        DEBTOR: **/s/ Scott Joseph Gerstenberg**
                                       **Scott Joseph Gerstenberg**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re: )
)
Scott Joseph Gerstenberg, ) Case No. 14-48739-399
) Chapter 13
)
)
Debtor. )
)
)

CERTIFICATE OF SERVICE

I certify that the Debtor Chapter 13 Plan was served electronically to John V. LaBarge, Chapter 13 Trustee, PO Box 430908, St. Louis, MO 63143 and mailed via first class, postage pre-paid mail to all creditors on attached matrix this 28th day of July, 2016.

*/s/Meagon Bradley*
Meagon Bradley, Paralegal
The Bankruptcy Company

| | | |
|---|---|---|
| Advance America Cas Advance<br>10654-A St. charles rock Road<br>Saint Ann, MO 63074 | Allied Waste Services<br>PO Box 9001099<br>Louisville, KY 40290-1099 | Depaul Health Center<br>c/o NCO Financial<br>PO Box 15270<br>Wilmington, DE 19850 |
| Edward Gocke Real Estate Co<br>c/o Jack R. Itzkowtz<br>1001 Craig Rd. Ste 455<br>Saint Louis, MO 63146 | Equifax Check Services, Inc<br>PO Box 30272<br>Tampa, FL 33630-3272 | Ernst Radiology Clinic<br>PO Box 1127<br>Maryland Heights, MO 63043-0127 |
| Experian<br>PO Box 2002<br>Allen, TX 75013-2002 | Glenwood Townhomes<br>8011 Clayton Rd #202<br>Saint Louis, MO 63117 | Hilton Family Law Group<br>1099 Milwaukee St. Ste 260<br>Saint Louis, MO 63122 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Klar, Izsak, and Stenger LLC<br>1505 S. Big Bend Blvd<br>Saint Louis, MO 63117 | Laboratory Corp of America Holdings<br>PO Box 2240<br>Burlington, NC 27216-2240 |

(L.F. 13 Rev. 9/2012)

| | | |
|---|---|---|
| Metro-West Anesthesia Group<br>PO Box 958864<br>Saint Louis, MO 63195-8864 | Metropark Communications<br>4050 Wedgeway Ct.<br>Earth City, MO 63045 | Midwest Emergency Associates - c/o ARS Account Resolution<br>1643 Harrison Pkwy Ste 100<br>Fort Lauderdale, FL 33323 |
| Missouri Department of Revenue - Bankruptcy Department<br>PO Box 475<br>301 West High Street<br>Jefferson City, MO 65105 | Nantucket Partners<br>c/o William H Leyhe<br>105 Concord Plaza Ste 201<br>Saint Louis, MO 63128 | SluCare<br>c/o Consumer Collection Management<br>2333 Grissom Dr.<br>Saint Louis, MO 63146 |
| Sprint<br>c/o Harvard Collection Services, Inc<br>4839 N Elston Ave<br>Chicago, IL 60630-2534 | SSM Urgent Care Depaul<br>PO Box 503913<br>Saint Louis, MO 63150-3913 | St. Louis City Collector of Revenue<br>1200 Market Street<br>Saint Louis, MO 63103 |
| St. Louis County Court<br>7900 Caroldelet Ave<br>Saint Louis, MO 63105 | Title Loan Company<br>C/O Dennis Joseph Barton III, Esq. - 17600 Chesterfield Airport Road, Suite B<br>Chesterfield, MO 63005 | TransUnion<br>PO Box 2000<br>Chester, PA 19022-2000 |
| US Department of Education<br>c/o Allied Interstate<br>12755 Highway 55 Ste 300 - Minneapolis, MN 55441 | US Department of Education<br>PO Box 105028<br>Atlanta, GA 30348-5028 | Vantage Credit Union<br>4020 Fee Fee Rd<br>Bridgeton, MO 63044 |